```
              UNITED STATES DISTRICT COURT
                   DISTRICT OF HAWAII
```

| | |
|---|---|
| TYLER GRENIER, Individually, and JENNA GRENIER, Individually and as Next Friend of J.A.G., a minor,<br><br>             Plaintiffs<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | CIV. NO. 22-00396 LEK-KJM |

**ORDER DENYING PLAINTIFFS' MOTION TO
EXCLUDE THE TESTIMONY OF EXPERT WITNESS
DWIGHT J. ROUSE, M.D., [FILED 7/1/24 (DKT. NO. 108)]**

This matter arises out of a medical malpractice action filed by Plaintiffs Tyler Grenier, individually, and Jenna Grenier, individually and as next friend of J.A.G., a minor, (collectively "Plaintiffs") against Defendant United States of America ("Defendant") for alleged medical negligence at Tripler Army Medical Center ("Tripler") related to the medical care by Defendant's employees for prenatal care and labor of Plaintiff Jenna Grenier ("Jenna"), and the subsequent delivery of J.A.G. See Complaint, filed 8/29/22 (dkt. no. 1). Severe physical injuries sustained by Jenna Grenier and J.A.G. are alleged as well as the negligent infliction of emotional distress to Plaintiff Tyler Grenier ("Tyler") and Jenna; Plaintiffs' loss of filial consortium; and Tyler's loss of spousal consortium. [Id.

at ¶¶ 59-73.] In the instant motion, Plaintiffs seek to exclude certain portions of opinions rendered by Defendant's expert witness, Dwight J. Rouse, M.D., because "they are not based on sufficient facts or data and they are not the product of reliable principles and methods." [Pls.' Motion to Exclude the Testimony of Expert Witness Dwight J. Rouse, M.D., filed 7/1/24 (dkt. no. 108) ("Rouse Motion"), Mem. in Supp. at 6.]

Defendant filed its opposition on August 13, 2024. [Def.'s Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns, Psy.D., ABPP [ECF Nos. 108, 109, 112, 114, 115, 116], filed 8/13/24 (dkt. no. 139) ("Mem. in Opp.").] Defendant argues that Dr. Rouse's testimony should not be excluded because he did not solely rely upon the deposition testimony of Asha Mada, D.O.; that he relied on the medical records; and that he relied on his knowledge, training and experience to interpret the testimony and medical records. [Id. at 5-6.]

Plaintiffs filed their reply memorandum on August 20, 2024, repeating the same arguments that Dr. Rouse's opinions are unreliable because they are based on a belief that the forceps application was applied at fetal station +2. [Pls.' Reply Memorandum to Defendant United States of America's Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony

2

of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns Psy.D., ABPP, filed 8/20/24 (dkt. no. 145), at 9.] Plaintiffs raise, for the first time, the argument that Dr. Rouse's testimony is duplicative of Cole Greves, M.D.'s testimony. [Id. at 5-6.]

As follows, the Rouse Motion is denied.

## STANDARDS

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. A trial judge is required to apply a gatekeeping role to expert witness testimony. White v. Ford Motor Co., 312 F.3d 998, 1007 (9th Cir. 2002) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993)), opinion amended on denial of reh'g, 335 F.3d 833 (9th Cir. 2003). The Rule 702 inquiry under Daubert, however, "'is a flexible one,'" and the "'factors identified in Daubert may or may not be pertinent in assessing

3

reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" Id. (quoting Kumho Tire, Ltd. v. Carmichael, 526 U.S. 137, 150 (1999)). To determine reliability,

> [s]cientific evidence is reliable "if the principles and methodology used by an expert are grounded in the methods of science." Clausen v. M/V New Carissa, 339 F.3d 1049, 1056 (9th Cir. 2003). The court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595 (1993). Courts must determine whether the reasoning or methodology underlying testimony is scientifically valid and whether that reasoning or methodology can be applied to the facts in issue. Id. at 592-93. Among the factors considered in determining whether to admit expert testimony under Rule 702 are: (1) whether the expert's theory or method is generally accepted in the scientific community; (2) whether the expert's methodology can be or has been tested; (3) the known or potential error rate of the technique; and (4) whether the method has been subjected to peer review and publication. Id. at 593-94.

Zucchella v. Olympusat, Inc., CV 19-7335 DSF(PLAx), 2023 WL 2628107, at *1 (C.D. Cal. Jan. 10, 2023). "[A] trial court has broad latitude in determining whether an expert's testimony is reliable," as well as in deciding how to determine the reliability of that testimony. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004) (citation and internal quotation marks omitted). In applying Daubert to physicians' testimony,

4

> "A trial court should admit medical expert testimony if physicians would accept it as useful and reliable," but it need not be conclusive because "medical knowledge is often uncertain." "The human body is complex, etiology is often uncertain, and ethical concerns often prevent double-blind studies calculated to establish statistical proof." Where the foundation is sufficient, the litigant is "entitled to have the jury decide upon [the experts'] credibility, rather than the judge."

Primiano v. Cook, 598 F.3d 558, 565–66 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (alteration in Primiano) (footnotes and citations omitted).

To be admissible, evidence must be relevant. See Fed. R. Evid. 402. "'Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.'" Primiano, 598 F.3d at 565 (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)). The facts that the expert relies upon for his or her opinion is not an issue of admissibility:

> "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 865 (8th Cir. 2004)). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Children's Broad. Corp., 357 F.3d at 865. The Court agrees many of Nutten's assumptions about Dykzeul's lost earnings with Charter are rosy. But they are not entirely

5

>>unfounded and Charter's concerns about the basis of the report can be raised and addressed on cross examination. See Primiano, 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

Dykzeul v. Charter Commc'ns, Inc., CV 18-5826 DSF(GJSx), 2021 WL 4522545, at *7 (C.D. Cal. Feb. 3, 2021) (alteration in Dykzeul).

## DISCUSSION

Dr. Rouse's expert report provides his expert opinions. [Rouse Motion, Declaration of Jed Kurzban, Esq., Exh. B (letter from Dr. Rouse to Defendant's counsel dated 4/27/24 (dkt. no. 108-4) ("Rouse Expert Report")).] Among his opinions, there are five that Plaintiffs argue should be excluded because he "relied solely on the testimony of Dr. Mada for his opinion that the fetal stations was a +2. . . . [choosing] to completely ignore the key fact . . . [that] the medical records documenting fetal station at +1." [Rouse Motion, Mem. in Supp. at 6.] As a result, Plaintiffs submit, Dr. Rouse "cherry-picked one statement" and omitted relevant facts in medical records, thus rendering his five opinions unreliable. [Id. at 7.] These five opinions in issue are:

>>2. The fetal station was in fact +2 when the operative vaginal delivery was performed, and thus was a low forceps delivery and a reasonable option.

>>3. [Adam] Levy[,M.D.] alleges that patients can not [sic] process information, make

6

>       rationale [sic] decisions, or reasonably
>       choose between options while in labor. In
>       fact, to assume these things and deny
>       patients in labor the opportunity to make
>       decisions about their own care would at best
>       constitute a violation of the standard of
>       care, and at worst a violation of human
>       rights.
>
> 4.    Ms. Grenier's contention that she requested
>       a cesarean delivery instead of operative
>       vaginal delivery is at variance with the
>       contemporaneous medical records, which
>       appropriately document the discussion that
>       were had regarding cesarean delivery.
>
> 5.    A low forceps delivery is what was performed
>       and it was not foreseeable that mother or
>       infant (or both) would suffer trauma.
>
> 6.    There is nothing in the medical record or
>       the deposition testimony of the doctors or
>       nurses to indicate that the forceps delivery
>       was anything but easy and straightforward,
>       or was performed in a manner outside the
>       standard of care.

[Rouse Expert Report at 3-4.]

In short, Plaintiffs argue that, although Dr. Rouse's testimony is relevant and his qualifications are not in issue, Dr. Rouse got a key fact wrong and thus any opinions relying on that wrong information should be excluded. Plaintiffs' reliance on <u>General Electric Co. v. Joiner</u>, 522 U.S. 136 (1997), is mistaken. <u>See</u> Rouse Motion, Mem. in Supp. at 5-6. There, the United States Supreme Court held that it was within a district court's discretion to conclude whether epidemiological studies

7

upon which the experts relied were sufficient to support their conclusion on whether a plaintiff's exposure to a chemical contributed to his cancer. Id. at 146-47. Here, Dr. Rouse's opinions relate to the issue of medical standard of care and not causation based on epidemiological studies. If he has relied on a non-existent fact, has misconstrued the medical records, or his analysis is otherwise shaky, then pointing out any such failures is appropriate for cross-examination and not exclusion where the expert's qualifications and relevance of his opinions are not in issue.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Testimony of Expert Witness Dwight J. Rouse, M.D., [filed 7/1/24 (dkt. no. 108),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TYLER GRENIER ET AL. VS. UNITED STATES OF AMERICA; CIVIL NO. 22-00396 LEK-KJM; ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS DWIGHT J. ROUSE, M.D., [FILED 7/1/24 (DKT. NO. 108)]**