```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF HAWAII
```

| | |
|---|---|
| TYLER GRENIER, Individually, and JENNA GRENIER, Individually and as Next Friend of J.A.G., a minor,<br><br>            Plaintiffs<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CIV. NO. 22-00396 LEK-KJM |

### ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS COLE D. GREVES, M.D., [FILED 7/1/24 (DKT. NO. 109)]

This matter arises out of a medical malpractice action filed by Plaintiffs Tyler Grenier, individually, and Jenna Grenier, individually and as next friend of J.A.G., a minor, (collectively "Plaintiffs") against Defendant United States of America ("Defendant") for alleged medical negligence at Tripler Army Medical Center ("Tripler") related to the medical care by Defendant's employees for prenatal care and labor of Plaintiff Jenna Grenier ("Jenna"), and the subsequent delivery of J.A.G. See Complaint, filed 8/29/22 (dkt. no. 1). Severe physical injuries sustained by Jenna Grenier and J.A.G. are alleged as well as the negligent infliction of emotional distress to Plaintiff Tyler Grenier ("Tyler") and Jenna; Plaintiffs' loss of filial consortium; and Tyler's loss of spousal consortium. [Id.

at ¶¶ 59-73.] In the instant motion, Plaintiffs seek to exclude certain portions of opinions rendered by Defendant's expert witness, Cole D. Greves, M.D., because "they are not based on sufficient facts or data and they are not the product of reliable principles and methods." [Pls.' Motion to Exclude the Testimony of Expert Witness Cole D. Greves, M.D., filed 7/1/24 (dkt. no. 109) ("Greves Motion"), Mem. in Supp. at 6.]

Defendant filed its opposition on August 13, 2024. [Def.'s Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns, Psy.D., ABPP [ECF Nos. 108, 109, 112, 114, 115, 116], filed 8/13/24 (dkt. no. 139) ("Mem. in Opp.").] Defendant argues that Dr. Greves's testimony should not be excluded because he did not solely rely upon the deposition testimony of Asha Mada, D.O.; that he relied on the medical records; and that he relied on his knowledge, training and experience to interpret the testimony and medical records. [Id. at 5-6.]

Plaintiffs filed their reply memorandum on August 20, 2024, repeating the same arguments that Dr. Greves's opinions are unreliable because they are based on a belief that the forceps application was applied at fetal station +2. [Pls.' Reply Memorandum to Defendant United States of America's Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony

of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns Psy.D., ABPP, filed 8/20/24 (dkt. no. 145), at 9.] Plaintiffs raise, for the first time, the argument that Dr. Greves's testimony is duplicative of Dwight Rouse, M.D.'s testimony and thus prejudicial. [Id. at 5-6.]

On September 4 2024, this Court filed its order denying Plaintiffs' motion to exclude the testimony of Dwight Rouse, M.D. [Order Denying Plaintiffs' Motion to Exclude the Testimony of Expert Witness Dwight J. Rouse, M.D., [Filed 7/1/24 (Dkt. No. 108)], filed 9/4/24 (dkt. no. 149).] As the instant motion is identical to the motion pertaining to Dr. Rouse, the Greves Motion is denied for the same reasons and based on the same analysis.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Exclude the Testimony of Expert Witness Cole D. Greves, M.D., [filed 7/1/24 (dkt. no. 109),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, September 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge