UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TYLER GRENIER, Individually, and JENNA GRENIER, Individually and as Next Friend of J.A.G., a minor,<br><br>           Plaintiffs<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | CIV. NO. 22-00396 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JERI MORRIS, Ph.D., [FILED 7/1/24 (DKT. NO. 111)]**

This matter arises out of a medical malpractice action filed by Plaintiffs Tyler Grenier, individually, and Jenna Grenier, individually and as next friend of J.A.G., a minor, (collectively "Plaintiffs") against Defendant United States of America ("Defendant") for alleged medical negligence at Tripler Army Medical Center ("Tripler") related to the medical care by Defendant's employees for prenatal care and labor of Plaintiff Jenna Grenier ("Jenna"), and the subsequent delivery of J.A.G. See Complaint, filed 8/29/22 (dkt. no. 1). Severe physical injuries sustained by Jenna Grenier and J.A.G. are alleged as well as the negligent infliction of emotional distress to Plaintiff Tyler Grenier ("Tyler") and Jenna; Plaintiffs' loss of filial consortium; and Tyler's loss of spousal consortium. [Id.

at ¶¶ 59-73.] In the instant motion, Defendant seeks to exclude the expert report and testimony of Plaintiffs' expert witness, Jeri Morris, Ph.D., because she is not qualified to render opinions regarding the cause of the minor plaintiff's brain injury and the applicable standard of care, and because her opinions are unreliable. [Def.'s Motion to Exclude the Expert Report and Testimony of Jeri Morris, Ph.D., filed 7/1/24 (dkt. no. 111) ("Morris Motion"), Mem. in Supp. at 1-2.]

Plaintiffs filed their opposition on August 13, 2024. [Pls.' Memorandum in Opposition to Defendant United States of America's Motion to Exclude the Expert Report and Testimony of Jeri Morris, Ph.D., filed 8/13/24 (dkt. no. 140) ("Mem. in Opp.").] Plaintiffs argue that Dr. Morris is a qualified and experienced board-certified clinical neuropsychologist; that Defendant has admitted that Dr. Morris is qualified to perform neuropsychological testing of brain function; and that Dr. Morris's failure to recall every part of the minor plaintiff's substantial medical records is not relevant as she is not an expert on the standard of care nor causation. [Id. at 4-6.] Plaintiffs argue that Dr. Morris reached similar conclusions to those that Defendant's expert, Thomas Burns, Psy.D. reached, and that both used nearly identical methodologies in reaching their conclusions. [Id. at 6.] Where they diverge is on the minor plaintiff's future needs, with

2

Dr. Burns declining to opine because of uncertainty as to the minor plaintiff's condition in the future, and Dr. Morris giving an opinion based on her prediction of the minor plaintiff's future condition and needs. [Id. at 7-8.]

Defendant filed its reply on August 20, 2024, and argues that Dr. Morris's opinions should be struck because she fails to base these opinions on sufficient facts or data, and that they are not based on principles and methods accepted in her field. [Def.'s Reply in Support of Its Motion to Strike Expert Report and Testimony of Dr. Jeri Morris, Ph.D. [ECF No. 111], filed 8/20/24 (dkt. no. 144).]

As follows, the Morris Motion is granted as to Dr. Morris's opinions on causation and standard of care because she is not qualified to render opinions in these areas, and as to her opinion on future care because she fails to provide a basis for the opinion. The Morris Motion is denied in all other respects; specifically, Dr. Morris is permitted to testify on the tests that she administered to the minor plaintiff and the test results.

**STANDARDS**

Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific,

3

technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. A trial judge is required to apply a gatekeeping role to expert witness testimony. White v. Ford Motor Co., 312 F.3d 998, 1007 (9th Cir. 2002) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993)), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003). The Rule 702 inquiry under Daubert, however, "'is a flexible one,'" and the "'factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" Id. (quoting Kumho Tire, Ltd. v. Carmichael, 526 U.S. 137, 150 (1999)). To determine reliability,

> [s]cientific evidence is reliable "if the principles and methodology used by an expert are grounded in the methods of science." Clausen v. M/V New Carissa, 339 F.3d 1049, 1056 (9th Cir. 2003). The court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595 (1993). Courts must determine whether the reasoning or methodology underlying testimony is scientifically valid and whether that reasoning or methodology can be applied to the facts in issue. Id. at 592-93. Among the factors

>considered in determining whether to admit expert testimony under Rule 702 are: (1) whether the expert's theory or method is generally accepted in the scientific community; (2) whether the expert's methodology can be or has been tested; (3) the known or potential error rate of the technique; and (4) whether the method has been subjected to peer review and publication. Id. at 593-94.

Zucchella v. Olympusat, Inc., CV 19-7335 DSF(PLAx), 2023 WL 2628107, at *1 (C.D. Cal. Jan. 10, 2023). "[A] trial court has broad latitude in determining whether an expert's testimony is reliable," as well as in deciding how to determine the reliability of that testimony. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004) (citation and internal quotation marks omitted). In applying Daubert to physicians' testimony,

>"A trial court should admit medical expert testimony if physicians would accept it as useful and reliable," but it need not be conclusive because "medical knowledge is often uncertain." "The human body is complex, etiology is often uncertain, and ethical concerns often prevent double-blind studies calculated to establish statistical proof." Where the foundation is sufficient, the litigant is "entitled to have the jury decide upon [the experts'] credibility, rather than the judge."

Primiano v. Cook, 598 F.3d 558, 565–66 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (alteration in Primiano) (footnotes and citations omitted).

To be admissible, evidence must be relevant. See Fed. R. Evid. 402. "'Expert opinion testimony is relevant if the

5

knowledge underlying it has a valid connection to the pertinent inquiry.'" Primiano, 598 F.3d at 565 (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)). The facts that the expert relies upon for his or her opinion is not an issue of admissibility:

> "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 865 (8th Cir. 2004)). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Children's Broad. Corp., 357 F.3d at 865. The Court agrees many of Nutten's assumptions about Dykzeul's lost earnings with Charter are rosy. But they are not entirely unfounded and Charter's concerns about the basis of the report can be raised and addressed on cross examination. See Primiano, 598 F.3d at 564 ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

Dykzeul v. Charter Commc'ns, Inc., CV 18-5826 DSF(GJSx), 2021 WL 4522545, at *7 (C.D. Cal. Feb. 3, 2021) (alteration in Dykzeul).

## **DISCUSSION**

Dr. Morris provides a neuropsychological evaluation in her expert report. [Morris Motion, Declaration of Brian C. Tracy, Exh. 1 (letter report from Dr. Morris undated (dkt. no. 111-3) ("Morris Expert Report")).] In her report, she states

6

the medical records that she reviewed, her interviews with Jenna and Tyler, the tests administered, the results of standardized testing, her observations of the minor plaintiff, and her impressions. Defendant does not dispute Dr. Morris's qualifications as a neuropsychologist, nor does it raise an objection as to the tests she administered. Defendant objects to Dr. Morris giving opinions as to causation and standard of care rendered to the minor plaintiff. Plaintiffs affirmatively represent that Dr. Morris is not an expert witness who will render expert opinions as to the cause or causes of the minor plaintiff's injuries nor regarding the standard of care of the medical practitioners involved in the birth and care of the minor plaintiff. [Mem. in Opp. at 5-6.] Therefore, the Morris Motion is granted to the extent that she will not be permitted to give opinion testimony about causation and standard of care and is denied to the extent that she will be permitted to testify about the tests she administered to the minor plaintiff, and the results of those tests.

Dr. Morris provides her "impressions" and includes a widely sweeping comment about the minor plaintiff's future care: "Given the extensive nature of his impairments and his current profile, he can be expected to have significant cognitive, social, and other deficits and require assistance and the close availability of supervision by a trained caregiver throughout

7

his lifetime on a 24-hour basis." [Morris Expert Report at PageID.699.] This statement regarding the minor plaintiff's limitations and future care is not supported by identifiable principles and methodology and therefore does not meet the requirements of Rule 702. Thus, it is excluded.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude the Expert Report and Testimony of Jeri Morris, Ph.D., [filed 7/1/24 (dkt. no. 111),] is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED as to any opinions about the cause of the minor plaintiff's injuries, the standard of care, and Dr. Morris's impressions of the minor plaintiff's limitations and future care, and it is DENIED in all other respects.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 11, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TYLER GRENIER, ET AL. VS. USA; CV 22-00396 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JERI MORRIS, PH.D. (FILED 7/1/24 DKT. NO. 111)]**

8