```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

TYLER GRENIER, Individually, and    CIV. NO. 22-00396 LEK-KJM
JENNA GRENIER, Individually and
as Next Friend of J.A.G., a
minor,

              Plaintiffs

     vs.

UNITED STATES OF AMERICA,

              Defendant.
```

### ORDER GRANTING DEFENDANT'S
### MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF
### <u>DR. OFER LEVY, M.D, [FILED 7/1/24 (DKT. NO. 113)]</u>

This matter arises out of a medical malpractice action filed by Plaintiffs Tyler Grenier, individually, and Jenna Grenier, individually and as next friend of J.A.G., a minor, (collectively "Plaintiffs") against Defendant United States of America ("Defendant") for alleged medical negligence at Tripler Army Medical Center ("Tripler") related to the medical care by Defendant's employees for prenatal care and labor of Plaintiff Jenna Grenier ("Jenna"), and the subsequent delivery of J.A.G. <u>See</u> Complaint, filed 8/29/22 (dkt. no. 1). Severe physical injuries sustained by Jenna Grenier and J.A.G. are alleged as well as the negligent infliction of emotional distress to Plaintiff Tyler Grenier ("Tyler") and Jenna; Plaintiffs' loss of filial consortium; and Tyler's loss of spousal consortium. [<u>Id.</u>

at ¶¶ 59-73.] In the instant motion, Defendant seeks to strike the testimony of Plaintiffs' expert witness, Ofer Levy, M.D. ("Dr. Ofer Levy"), in its entirety because his expert report was offered after the closing of the deadline for expert reports as a rebuttal report, and he was not previously disclosed as an expert witness. [Def.'s Motion to Strike Expert Report and Testimony of Dr. Ofer Levy, M.D., filed 7/1/24 (dkt. no. 113) ("Levy Motion"), Mem. in Supp. at 1-5.]

Plaintiffs filed their opposition on August 13, 2024. [Pls.' Memorandum in Opposition to Defendant United States of America's Motion to Strike Expert Report and Testimony of Dr. Ofer Levy, M.D., filed 8/13/24 (dkt. no. 138) ("Mem. in Opp.").] Plaintiffs argue that Dr. Ofer Levy's report was timely produced because the Plaintiffs' rebuttal disclosure deadline was continued to June 10, 2024, the same day that his expert report was disclosed. [Id. at 5.]

Defendant filed its reply on August 20, 2024. [Def.'s Reply in Support of Its Motion to Strike Expert Report and Testimony of Dr. Ofer Levy [ECF No. 133], filed 8/20/24 (dkt. no. 147).] It argues that Dr. Ofer Levy's expert report is not a rebuttal report because it did not respond to any new information and it is an entirely new expert witness with new opinions that should have been disclosed by the expert witness disclosure deadline of March 11, 2024. [Id. at 3.]

2

As follows, the Ofer Motion is granted because Dr. Ofer Levy's expert report is not a rebuttal report but merely reiterates the expert testimony of another Plaintiffs' expert witness and thus must be excluded.

## **STANDARDS**

Federal Rule of Civil Procedure 26(e) governs the supplementation of expert reports. It provides, in pertinent part:

> **(1) In General**. A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.
>
> **(2) Expert Witness**. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e).

> "Although Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . ." Beller ex

3

rel. Beller v. United States, 221 F.R.D. 689, 695 (D.N.M. 2003) (citation omitted). For example, courts have rejected supplemental expert reports that: 1) "were significantly different" from the expert's original report and effectively altered the expert's theories; or 2) attempted to "deepen" and "strengthen" the expert's prior reports. See id. (citing Council 31 AFL-CIO v. Ward, 1995 WL 549022 (N.D. Ill. Sept. 12, 1995); Resolution Trust Corp. v. Gregory, D.N.M. No. CIV 94-0052). The court in Beller noted that, to allow these types of supplemental reports

> would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.

Id.

Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 639-40 (D. Hawai`i 2008) (alteration in Lindner).

For rebuttal reports,

> Rule 26(a)(2)(C) "defines rebuttal experts as presenting 'evidence [that] is **intended solely** to contradict or rebut evidence on the same subject matter identified' by an initial expert witness . . . ." TC Sys. Inc. v. Town of Colonie, New York, 213 F. Supp. 2d 171, 179 (N.D.N.Y. 2002) (some alterations in original); see also Great Am. Ins. Co. of New York v. Vegas Constr. Co., No. 2:06-cv-00911-

>       BES-PAL, 2007 WL 2375056, at *4 (D. Nev. Aug. 15,
>       2007) (same). . . .

Id. at 635-36 (some alterations in Lindner).

## **DISCUSSION**

The parties do not dispute that Dr. Ofer Levy's report was filed by the deadline for rebuttal expert reports. What is disputed is whether his expert report was a rebuttal report or an initial expert report. The Court concludes it is the latter and thus not a proper rebuttal report. This is because Dr. Ofer Levy's opinion is that the forceps-assisted vaginal delivery caused the minor plaintiff's injuries, that the delivery should have been done via caesarian section and that the perinatal injuries would have been avoided. See Levy Motion, Declaration of Dana A. Barbata, Exh. 1 (Ofer Levy, M.D. expert report, dated 6/10/24) at PageID.989-90. This is essentially the same opinion stated by Plaintiffs' expert, Dr. Adam V. Levy ("Dr. Levy"). See Def.'s Motion to Exclude the Expert Report and Testimony of Dr. Adam Levy, M.D., filed 7/1/24 (dkt. no. 110), Declaration of Dana A. Barbata, Exh. 1 (Adam V. Levy, M.D. expert report, dated 3/2/24) at PageID.426 ("[A] cesarean delivery would have prevented both the newborn birth injuries and material injuries in this case."). Thus, Dr. Ofer Levy's report goes beyond mere rebuttal but is intended to buttress opinions offered in Dr. Levy's expert report. This is impermissible. See Parenti v.

5

Cnty. of Monterey, Case No. 14-cv-05481-BLF, 2017 WL 1709349, at *5 (N.D. Cal. May 3, 2017) (excluding an expert's purported rebuttal opinions that merely buttressed the opinions in the expert's original report).

Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

The decision in Lindner noted that:

> The exclusion sanction is "self-executing" and "automatic". See Fed. R. Civ. P. 37(c) advisory committee's note (1993 Amendments). Its harsh penalties are ameliorated by the limitation that sanctionable violations be without substantial justification and by the exception for harmless violations. Rule 37(c)(1), however, does not apply to the disclosure of evidence offered solely for impeachment purposes. See id.

249 F.R.D. at 641.

6

Because the Court concludes that Dr. Ofer Levy should have been disclosed by the deadline for disclosing expert witnesses, and his report should have been disclosed by the deadline for expert witness disclosures, the appropriate sanctions must be determined. The untimely disclosure of Dr. Ofer Levy and his report are neither substantially justified nor harmless. The appropriate sanction for the untimely disclosure is to strike Dr. Ofer Levy as an expert witness and to strike his expert report and testimony. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (citation omitted)). To determine if the exclusion sanction is appropriate, the following factors must be considered: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997).

The first three factors weigh in favor of exclusion because the untimely disclosure would delay the case; the fourth factor is neutral since the striking of Dr. Ofer Levy's report and testimony is not case dispositive; and the fifth factor

7

weighs in favor of exclusion because Plaintiffs are still able to proceed with their claims and trial without Dr. Ofer Levy's testimony.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Expert Report and Testimony of Dr. Ofer Levy, M.D., [filed 7/1/24 (dkt. no. 113),] is GRANTED, and Dr. Ofer Levy's expert report and testimony are STRICKEN.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, November 17, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

TYLER GRENIER, ETC., ET AL. VS. UNITED STATES OF AMERICA; CV 22-00396 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF DR. OFER LEVY, M.D, [FILED 7/1/24 (DKT. NO. 113)]