```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII

TYLER GRENIER, Individually, and   CIV. NO. 22-00396 LEK-KJM
JENNA GRENIER, Individually and
as Next Friend of J.A.G., a
minor,

            Plaintiffs

     vs.

UNITED STATES OF AMERICA,

            Defendant.
```

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE CAUSATION TESTIMONY OF EXPERT WITNESS COLE GREVES, M.D., [FILED 7/1/24 (DKT. NO. 114)]

This matter arises out of a medical malpractice action filed by Plaintiffs Tyler Grenier, individually, and Jenna Grenier, individually and as next friend of J.A.G., a minor, (collectively "Plaintiffs") against Defendant United States of America ("Defendant") for alleged medical negligence at Tripler Army Medical Center ("Tripler") related to the medical care by Defendant's employees for prenatal care and labor of Plaintiff Jenna Grenier ("Jenna"), and the subsequent delivery of J.A.G. See Complaint, filed 8/29/22 (dkt. no. 1). Severe physical injuries sustained by Jenna Grenier and J.A.G. are alleged as well as the negligent infliction of emotional distress to Plaintiff Tyler Grenier ("Tyler") and Jenna; Plaintiffs' loss of filial consortium; and Tyler's loss of spousal consortium. [Id.

at ¶¶ 59-73.] In the instant motion, Plaintiffs seek to exclude testimony by Defendant's expert witness, Cole D. Greves, M.D., as to two opinions that he has rendered: first, that the use of forceps did not cause the minor plaintiff's injuries ("Opinion No. 8"); and second, his experience would suggest that the minor plaintiff's injuries could be related to the *E. coli* infection and ensuing sepsis and potentially lead to additional challenges through his life course, and his Apgar scores suggest a significant hypoxic event or metabolic acidosis at birth. [Pls.' Motion to Strike the Causation Testimony of Expert Witness Cole Greves, M.D., filed 7/1/24 (dkt. no. 114) ("Greves Causation Testimony Motion"), Mem. in Supp. at 2-4; id., Declaration of Jed Kurzban, Esq., Exh. A (Dr. Greves's expert report, dated 5/4/24) at PageID.1053-54.]

      Defendant filed its opposition on August 13, 2024. [Def.'s Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns, Psy.D., ABPP [ECF Nos. 108, 109, 112, 114, 115, 116], filed 8/13/24 (dkt. no. 139) ("Mem. in Opp.").] Defendant argues that Dr. Greves's opinions are reliable and within his area of expertise because he works frequently with neonatologists and need not be a neonatologist himself to opine about medical matters that he experiences regularly in his medical practice. [Id. at 13-14.]

Plaintiffs filed their reply memorandum on August 20, 2024 and argued that Dr. Greves is not qualified to render opinions regarding alternative explanations for the minor plaintiff's injuries nor the "life course" for the minor plaintiff and thus his opinions are barred by Rule 702 of the Federal Rules of Evidence. [Pls.' Reply Memorandum to Defendant United States of America's Omnibus Opposition to Plaintiffs' Motions to Strike the Expert Testimony of Dwight Rouse, M.D., Cole Greves, M.D., Thomas Wiswell, M.D., and Thomas G. Burns Psy.D., ABPP, filed 8/20/24 (dkt. no. 145), at 11-12.]

Rule 702 provides that expert opinion evidence is admissible if: (1) the witness is sufficiently "qualified as an expert by knowledge, skill, experience, training, or education"; (2) the "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case. Fed. R. Evid. 702. For physicians' testimony:

> "A trial court should admit medical expert testimony if physicians would accept it as useful and reliable," but it need not be conclusive because "medical knowledge is often uncertain." "The human body is complex, etiology is often uncertain, and ethical concerns often prevent double-blind studies calculated to establish

3

>   statistical proof." Where the foundation is sufficient, the litigant is "entitled to have the jury decide upon the experts' credibility, rather than the judge."

Primiano v. Cook, 598 F.3d 558, 565-66 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (brackets and footnotes omitted).

This matter is a non-jury trial, and there is less need for scrutinizing reliability prior to trial:

>   ["]When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." David E. Watson, P.C. v. United States, 668 F.3d 1008, 1015 (8th Cir. 2012) (quotations omitted) . . . ; see also FTC v. BurnLounge, Inc., 753 F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial." (quotation omitted)); United States v. Brown, 415 F.3d 1257, 1268-69 (11th Cir. 2005) (Daubert "barriers are even more relaxed in a bench trial situation."); Deal v. Hamilton Cty. Bd. of Educ., 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."). In bench trials, the district court is able to "make its reliability determination during, rather than in advance of, trial. Thus, where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." In re Salem, 465 F.3d 767, 777 (7th Cir. 2006).

United States v. Flores, 901 F.3d 1150, 1165 (9th Cir. 2018). Therefore, the Court can evaluate during trial the credibility

4

and reliability of Dr. Greves. For these reasons, the Greves Causation Testimony Motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike the Causation Testimony of Expert Witness Cole Greves, M.D., [filed 7/1/24 (dkt. no. 114),] is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 17, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**TYLER GRENIER, ETC., ET AL. VS. UNITED STATES OF AMERICA; CV 22-00396 LEK-KJM; ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE CAUSATION TESTIMONY OF EXPERT WITNESS COLE GREVES, M.D., [FILED 7/1/24 (DKT. NO. 114)]**